**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-26661-BLOOM**

RAFAEL IGLESIAS-BERMUDEZ,

Petitioner,

v.

GARRETT J. RIPA, Field Office Director of Enforcement and Removal Operations, Miami Field Office, Immigration and Customs Enforcement; CHARLES PARRA, Assistant Field Office Director of Enforcement and Removal Operations, Miramar Field Office, Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and WARDEN, Krome North SPC,

Respondents.
_______________________________________/

**ORDER ON PETITION FOR HABEAS CORPUS**

**THIS CAUSE** is before the Court upon Petitioner Rafael Iglesias-Bermudez's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. [1]. After the Court issued an Order to Show Cause, ECF No. [3], Respondents filed a Response, ECF No. [5]. Petitioner filed a Reply. ECF No. [6]. The Court has considered the Petition, the Response, Reply, the record in the case and is fully advised. For the reasons set forth below, the Petition is granted in part.

## I. BACKGROUND

Petitioner is a forty-seven-year-old native and citizen of Cuba who entered the United

States near San Luis, Arizona, on or about February 22, 2021. ECF No. [1] ¶ 1. Four days later, on February 26, 2021, U.S. Immigration and Customs Enforcement ("ICE") released him from custody on an Order of Release on Recognizance (Form I-220A) issued, by its own terms, "[i]n accordance with section 236 of the Immigration and Nationality Act." *Id*. Following his release, Petitioner filed an application for asylum with U.S. Citizenship and Immigration Services ("USCIS"), which USCIS later dismissed on procedural grounds. *Id*. On October 17, 2025, Petitioner appeared, as a non-detained applicant, for a Credible Fear Interview at the Miami Asylum Office, was found credible, and received a positive credible fear determination. *Id*. On the same day, DHS served Petitioner with a Form I-862, Notice to Appear ("NTA"), charging Petitioner with inadmissibility under §§ 212(a)(7)(A)(i)(I) and 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). ECF No. [5-2]. Also on October 17, 2025, DHS filed the NTA with the Executive Office for Immigration Review ("EOIR"), commencing removal proceedings "under section 240 of the Immigration and Nationality Act." *Id*.; ECF No. [5] at 2.

On Saturday, September 19, 2026, Petitioner was fishing in the Everglades when he was approached by a wildlife officer who asked to inspect his fishing permits. ECF No. [1] ¶ 2. Petitioner cooperated, and his permits were confirmed to be valid. *Id.* An ICE officer thereafter arrived at the location and took Petitioner into immigration custody based solely on his lack of lawful immigration status in the United States. *Id*. Petitioner was initially transported to ICE's facility in Miramar, Florida. *Id*. The following day, September 20, 2026, ICE transferred Petitioner to the Krome North Service Processing Center ("Krome") in Miami-Dade County, Florida, where he remains detained. *Id*.

On September 23, 2026, Petitioner filed the instant Petition, arguing that his detention without an individualized bond hearing is unlawful in violation of 8 U.S.C. § 1226(a) and the due

process clause of the Fifth Amendment. ECF No. [1] at 20-23. Respondents respond that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1), the Court lacks jurisdiction to review its decision to place Petitioner in expedited removal under 8 U.S.C. § 1225(b)(1), and Petitioner's detention does not violate due process. ECF No. [5] at 3-10. Petitioner replies that he is not in expedited removal because his positive credible fear determination ended that process in 2025. ECF No. [6] at 2-5. The matter is ripe for review.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241(a), district courts have the authority to grant writs of habeas corpus. Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas*, 533 U.S. at 687.

## III. DISCUSSION

### A. Jurisdiction

Respondents argue that the Court lacks jurisdiction to review DHS's decision to place Petitioner in expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1). ECF No. [5] at 3-7. In addition, relying upon 8 U.S.C. § 1252(a)(2)(A)(i), Respondents further contend that the Court lacks jurisdiction to review the Petition because Petitioner's detention "arose from the expedited removal process." *Id.* at 4. As explained below, Petitioner is not detained pursuant to 8 U.S.C. § 1225(b)(1). Furthermore, the question of whether § 1225(b)(1) or § 1226(a) governs Petitioner's detention is a question of statutory interpretation squarely within the Court's jurisdiction. *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sep. 9, 2025) (noting that the interplay of these two sections is a matter "of statutory interpretation

belong[ing] historically within the province of the courts.") (citing *Loper Bright Enter. v. Raimondo*, 603 U.S. 369, 386 (2024)); *Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579, at *5 (D. Me. Sept. 25, 2025) (district court had jurisdiction to review petitioner's challenge to the "statutory framework" regarding his detention). Accordingly, Respondents jurisdictional arguments are without merit.

**B. Petitioner's Mandatory Detention without a Bond Hearing is Unlawful**

Petitioner argues that he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a). ECF No. [1] at 20. Respondents contend that "Petitioner is not eligible for a bond hearing because he is in expedited removal and detained under the authority provided in 8 U.S.C. § 1225(b)(1) – not 8 U.S.C. § 1226(a)." ECF No. [5] at 8.

***i. 8 U.S.C. § 1225***

Section 1225 governs the inspection, detention, and removal of applicants for admission. *See* 8 U.S.C. § 1225 *et seq*. Applicants for admission are defined as noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id*. All applicants for admission "must be inspected by immigration officers to ensure that they may be admitted into the country consistent with U.S. immigration law." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). To that end, "U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Id*. at 289 (emphasis added).

"Section 1225(b)(1) applies to aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation." *Id*. Such noncitizens are generally subject to expedited removal "without further hearing or review." 8 U.S.C. § 1225(b)(1). However, if the noncitizen expresses "an intention to apply for asylum" or a fear of persecution," the statute requires referral to an interview with an immigration officer. *Id*. § 1225(b)(1)(A)(ii). If the

immigration officer finds a "credible fear," the noncitizen "shall be detained for further consideration of the application for asylum." *Id.*

***ii. 8 U.S.C. § 1226***

Federal immigration law "also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added). Section 1226(a) provides that when a noncitizen has been "arrested and detained pending a decision on whether the alien is to be removed from the United States," the Attorney General may either continue to detain the individual or release them on bond or conditional release. *See* 8 U.S.C. § 1226(a). The statute thus "establishes a discretionary detention framework." *Perez-Toc v. Warden, Krome N. Serv. Processing Ctr.*, No. 26-CV-25844-JB, 2026 WL 2619946, at *2 (S.D. Fla. Sept. 4, 2026). Importantly for purposes of the instant action, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see also Lopez Benitez v. Francis*, No. 25-Civ-5937, 2025 WL 2371588, at *13 (S.D.N.Y. Aug. 13, 2025) ("To be sure, a noncitizen detained under [section] 1226(a) is undoubtedly entitled to a bond hearing before an immigration judge.").

***iii. Petitioner's Detention is Governed by 8 U.S.C. § 1226(a)***

Respondents assert that "Petitioner is not eligible for a bond hearing because he is in expedited removal and detained under the authority provided in 8 U.S.C. § 1225(b)(1) – not 8 U.S.C. § 1226(a)." ECF No. [5] at 8. However, the NTA that was served on Petitioner on October 17, 2025, commenced "removal proceedings under section 240 of the Immigration and Nationality Act," with the box checked stating that "[t]his notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture." ECF No. [5-2] at 1. Additionally, the NTA that DHS issued to Petitioner did not classify him as an "arriving

alien." *Id*. Instead, the NTA classified him as "an alien present in the United States who has not been admitted or paroled." *Id.* This classification places him squarely within § 1226. *See e.g.*, *Pizarro Reyes*, 2025 WL 2609425, at *8 (emphasizing ICE's selection of "present" rather than "arriving" on the NTA as evidence that § 1226 applied); *see also Perez v. Berg*, No. 25-cv-494, 2025 WL 2531566, at *2 (D. Neb. July 24, 2025) ("The Court notes that the government itself charged Petitioner as an alien present in the United States who has not been admitted or paroled rather than an arriving alien." (quotations omitted)).

Accordingly, Petitioner's detention is governed by § 1226(a) and, therefore, he is entitled to an individualized bond hearing before an immigration judge. *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, 175 F.4th 1258 (11th Cir. 2026); *see also Jennings*, 583 U.S. at 306; *Lopez Benitez*, 2025 WL 2371588, at *13.

The Court declines to reach the merits of Petitioner's claims concerning his due process rights, as the Court is granting his requested relief for an individualized bond hearing. *See, e.g.*, *Puga*, 2025 WL 2938369, at *6 (declining to reach the merits of the petitioner's due process claim because it granted the requested relief in another count, but allowing the due process claim to be reasserted if the respondents do not comply with the court's order to provide a bond hearing or release); *Pizarro Reyes*, 2025 WL 2609425, at *8.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition, **ECF No. [1]**, is **GRANTED in part** and **DENIED in part.**
2. Within seven (7) days of the date of this Order, Respondents must either: (1) provide Petitioner with a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a), at which the Government shall bear the burden of justifying his continued detention by clear and convincing evidence of dangerousness or risk of flight; or (2)

release Petitioner from custody, under reasonable conditions of supervision.

3. Respondents are enjoined from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(1).
4. Respondents must, **within 24 hours of the bond hearing**, file a status report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.
5. The Clerk of Court shall **CLOSE** this case.
6. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 4, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record